**duPont Estate**

Before Lefever, Saylor, Shoyer and Burke, JJ.

*Norman H. Brown, W. Bradley Ward* and *Bernard L. Frankel,* for exceptants.

*Sidney L. Wickenhaver,* contra.

*James L. Price,* for Commonwealth.

LEFEVER, J., November 26, 1965.—This trust arises under deed, dated October 21, 1935, as amended on April 20, 1947. Thereunder settlor transferred assets to the Franklin Institute of the State of Pennsylvania for the Promotion of the Mechanic Arts in trust to establish and finance the Biochemical Research Foundation in research in specified fields and for stated objectives. The foundation has carried out this project efficiently and efficaciously. The trust principal is insufficient to continue the work of the foundation without the regular annual grants of additional funds, which ended with the illness and death of the settlor. Hence, this account was filed, and this court was requested to make a cy pres award of the remaining principal of approximately $2,000,000.

This court appointed Owen B. Rhoads, Esq., as amicus curiae in this case. He is a most able, distinguished and leading member of the Philadelphia bar. He held extended hearings. Nine claimants appeared and presented voluminous evidence in support of their claims to this fund and their plans to utilize it. The amicus curiae filed an exhaustive, thoughtful, erudite and convincing report and recommendation that the fund be awarded cy pres to the Institute for Cancer Research. Thereafter, the amicus curiae filed a supplementary report, which completely and satisfactorily answered the objections made to the original report by the disappointed claimants. The recommendation contained in his report was adopted by the

learned auditing judge after careful consideration of the entire record. Three claimants have filed exceptions thereto which are now before the court.

There is no doubt that all of the exceptants, namely, Temple University School of Medicine, Fels Research Institute, Hahnemann Medical College and Hospital of Philadelphia, and the Wistar Institute of Anatomy and Biology are exemplary charitable institutions. Each is performing worthy, outstanding and effective service in the field of scientific research. The benefits flowing therefrom to the community and the entire human race are incalculable. However, it is patent that the entire fund should be awarded to a single charity so as to continue the research projects, so promisingly begun and carried out by Biochemical Research Foundation, thereby utilizing its equipment and able and experienced staff.

We should not lightly or hastily set aside the recommendation of the amicus curiae, approved by the learned auditing judge. "This ought to be done only upon the discovery of some plain and obvious error, or where the whole evidence shows such a preponderance against his finding, that, were it a verdict of a jury in a Court of Common Pleas, a new trial ought to be granted": Thompson's Appeal, 103 Pa. 603, 607; Schmidt's Estate, 18 D. & C. 567, 568. See Graves Trust, 36 D. & C. 2d 375, 377.

Our study of this record and thoughtful consideration of the able briefs and persuasive oral argument presented by counsel for the exceptants have failed to disclose error on the part of the amicus curiae or the auditing judge or compelling reasons for overruling their judgment. Furthermore, the record fully supports the fifth finding of fact of the amicus curiae: "The Institute for Cancer Research most closely resembles Biochemical Research Foundation in organizational structure and purpose; and its cy pres

proposal will best carry forward the biochemical research program for which Irenée du Pont created and supported Biochemical." Significantly, this finding has received the approval of the Attorney General, parens patriae.

Accordingly, the exceptions are dismissed and the adjudication is confirmed absolutely.

President Judge Klein and Judge Bolger did not participate in the deliberations or decision of this case.